SALINGER et al. v. STERN et al.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

SALES (§ 88*)—DELAY—DELIVERY—JURY QUESTION.
   Where a contract for the sale of goods, to be imported by the seller, pro-
vided that all orders were accepted subject to a reasonable delay in de-
livery, and that samples should be delivered between July 15th and Au-
gust 1st, but the samples were not delivered until August 20th, and the
goods were shipped to the buyer as soon as they were received from
abroad, whether there was an unreasonable delay in shipment and deliv-
ery to the buyer was a jury question.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 248–250; Dec. Dig.
§ 88.*]

Appeal from City Court of New York, Trial Term.

Action by Berthold Salinger and another against S. Sidney Stern
and another.   From a judgment for plaintiffs and an order denying a
new trial, defendants appeal.   Reversed, and new trial ordered.

Argued February term, 1914, before SEABURY, GUY, and DE-
LANY, JJ.

Strasbourger, Eschwege & Schallek of New York City (Samuel
Strasbourger and Max L. Schallek, both of New York City, of coun-
sel), for appellants.

William Kaufman, of New York City, for respondents.

SEABURY, J.   This is an action for damages for the alleged fail-
ure of the defendants to deliver goods which it is claimed they agreed
to deliver upon specified dates.   Plaintiffs placed with the defendants
a written order for merchandise to be delivered to them upon specified
dates.   The order was accepted by the defendants.   The order con-
tains the following provision: "All orders are accepted subject to a
reasonable delay in delivery."   Sample quantities of the goods were,
under the terms of the order to be delivered between July 15 and Au-
gust 1, 1913.   These sample quantities were not delivered up to Au-
gust 20, 1913, upon which date the present action was commenced.

The defendants showed upon the trial that the goods were imported
from abroad, and that the shipment of the goods to them was delayed,
and that as soon as they received them they shipped them to the plain-
tiffs.   The learned court below held that as a matter of law the de-
fendants had breached their contract, and directed a verdict in favor
of the plaintiffs.

The terms of the order seem to have contemplated the possibility of
delay incident to the importation of the goods from a foreign country,
and whether the delay was unreasonable under all the circumstances of
the case was a question of fact for the jury to determine.   In view of
the fact that the action was commenced within 20 days after the time
specified for delivery and the clause in the order that "all orders are
accepted subject to reasonable delay in delivery," the court would not
as a matter of law determine that the delivery had been unreasonably
delayed.   If the contract itself had not provided that the delivery

should be "subject to a reasonable delay," a different situation would be presented. Whether the delay which occurred was reasonable or unreasonable was clearly for the jury. Eppens, Smith & Wiemann Co. v. Littlejohn, 27 App. Div. 22, 50 N. Y. Supp. 251, affirmed 164 N. Y. 187, 58 N. E. 19, 52 L. R. A. 811.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.